# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FREITAG,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br><br>R. PADILLA, OFC Harbor Police, M. RICH, OFC Harbor Police,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11-CV-2725 - IEG (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>[Doc. No. 2]<br><br>**(2) *SUA SPONTE* DISMISSING COMPLAINT; AND**<br><br>[Doc. No. 1]<br><br>**(3) DENYING WITHOUT PREJUDICE AS MOOT MOTIONS FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. Nos. 3, 5] |

　　Plaintiff commenced this action on November 22, 2011, appearing to allege that his civil rights were violated. [Doc. No. 1.] Along with his complaint, Plaintiff submitted a motion to proceed *in forma pauperis* and a motion for the appointment of counsel. [Doc. Nos. 2-3.] Shortly after, Plaintiff also filed a "motion for an emergency order for an attorney due to health problems." [Doc. No. 5.] Having considered Plaintiff's submissions, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*, **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint, and

1  **DENIES AS MOOT** Plaintiff's motions for the appointment of counsel.

2  **DISCUSSION**

3  **I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

4  All parties instituting any civil action, suit, or proceeding in a district court, except an
5  application for writ of habeas corpus, must pay a filing fee of $350.  See 28 U.S.C. § 1914(a).
6  However, an action may proceed despite failure to pay the filing fee if the party is granted an *in*
7  *forma pauperis* ("IFP") status.  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).  The
8  Court may grant IFP status to any party who demonstrates that he or she is unable to pay such fees
9  or give security therefor.  28 U.S.C. § 1915(a).

10  In the present case, having reviewed Plaintiff's motion and declaration in support of the
11  motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required
12  filing fees.  See Rodriguez, 169 F.3d at 1177.  Accordingly, good cause appearing, the Court
13  **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

14  **II.    INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

15  After granting IFP status, the Court must dismiss the case if the complaint "fails to state a
16  claim on which relief may be granted" or is "frivolous."  28 U.S.C. § 1915(e)(2)(B); see also Lopez
17  v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not
18  only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails
19  to state a claim).  In order to properly state a claim for relief, "a complaint must contain sufficient
20  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v.
21  Iqbal,–U.S.–, 129 S. Ct. 1937, 1949 (2009).  A complaint must contain more than a "labels and
22  conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual
23  allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v.
24  Twombly, 550 U.S. 544, 555 (2007).  "'The pleading must contain something more . . . than . . . a
25  statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'"  Id.

26  A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  Neitzke
27  v. Williams, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in Lopez v. Smith,
28  203 F.3d 1122, 1126 (9th Cir. 2000)).  Where a complaint fails to state "any constitutional or

1  statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there
2  is no "arguable basis in law" under Neitzke, and the court on its own initiative may decline to
3  permit the plaintiff to proceed and dismiss the complaint under Section 1915. Cato v. United
4  States, 70 F.3d 1103, 1106 (9th Cir. 1995).

5       As currently pleaded, Plaintiff's complaint fails to state a cognizable claim and is frivolous
6  to the extent it lacks an arguable basis in law or fact. Plaintiff's complaint is one paragraph and
7  consists primarily of a string of conclusory statements. [See Compl. ("Unlawful Arrest, deprivation
8  of civil libert[ies], Civil torts, physical harm with intentional emotional distress, Embarrassment
9  with harassment by other personnel, Deprivation of public service to protect & serve, Deprivation
10 of public fishing . . . .").] However, Plaintiff provides no facts to support any of these conclusion or
11 facts establishing a cause of action against the two Defendants. A complaint must contain more
12 than mere "labels and conclusion." Twombly, 550 U.S. at 555.

13      Even affording Plaintiff's complaint the special consideration given to *pro se* claimants, his
14 allegations fail to present a cognizable legal theory or facts sufficient to support a cognizable legal
15 theory against the Defendants. Although the Court must assume Plaintiff can prove the facts he
16 alleges in his complaint, the Court may not "supply essential elements of the claim that were not
17 initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).
18 Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint as frivolous
19 and for failing to state a claim upon which relief can be granted.

20 **III.   MOTIONS FOR APPOINTMENT OF COUNSEL**

21      In addition to his complaint, Plaintiff has also filed two motions for appointment of counsel.
22 [Doc. Nos. 3, 5.] Because the Court dismisses Plaintiff's complaint in its entirety without
23 prejudice, Plaintiff's motions for appointment of counsel are **DENIED WITHOUT PREJUDICE**
24 as moot.

25                                    **CONCLUSION**

26      Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma*
27 *Pauperis* pursuant to 28 U.S.C. § 1915(a), but **DISMISSES WITHOUT PREJUDICE** Plaintiff's
28 complaint as frivolous and for failing to state a claim upon which relief can be granted. The Court

1 also **DENIES WITHOUT PREJUDICE** as moot Plaintiff's motions for appointment of counsel.

2       Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading set forth above. Plaintiff is cautioned his First Amended Complaint must be complete in itself, without relying on references to the original Complaint. Plaintiff is further cautioned any defendant not named or claim not re-alleged will be considered waived. See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th Cir. 1996).

      **IT IS SO ORDERED.**

**DATED:** December 1, 2011

*[signature]*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**