1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JOHN PAUL FREITAG,

Plaintiff,

vs.

R. PADILLA, OFC Harbor Police, M. RICH, OFC Harbor Police,

Defendants.

CASE NO. 11-CV-2725 - IEG (JMA)

**ORDER:**

**(1)** *SUA SPONTE* **DISMISSING FIRST AMENDED COMPLAINT; AND**

[Doc. No. 13]

**(2) DENYING WITHOUT PREJUDICE AS MOOT MOTIONS FOR AN INJUNCTION**

[Doc. Nos. 11, 15]

Plaintiff commenced this action on November 22, 2011. [Doc. No. 1.] On December 1, 2011, the Court granted Plaintiff leave to proceed *in forma pauperis*, but dismissed Plaintiff's complaint without prejudice pursuant to the screening provision of 28 U.S.C. § 1915(e)(2)(B). [Doc. No. 6.] Plaintiff has subsequently filed two motions for an injunction and a document titled "motion to reopen case." [Doc. Nos. 11, 13, 15.] The Court construes Plaintiff's motion to reopen the case as a first amended complaint ("FAC"), and, for the reasons stated below, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's FAC.

///

///

1

**DISCUSSION**

2

**I.      INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

3              After granting IFP status, the Court must dismiss the case if the complaint "fails to state a

4      claim on which relief may be granted" or is "frivolous."  28 U.S.C. § 1915(e)(2)(B); <u>see also</u>

5      <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e)

6      "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that

7      fails to state a claim.)  In order to properly state a claim for relief, "a complaint must contain

8      sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

9      <u>Ashcroft v. Iqbal</u>,–U.S.–, 129 S. Ct. 1937, 1949 (2009).  A complaint must contain more than a

10     "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must

11     contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell</u>

12     <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  "'The pleading must contain something

13     more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right

14     of action.'"  <u>Id.</u>

15             A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  <u>Neitzke</u>

16     <u>v. Williams</u>, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in <u>Lopez v. Smith</u>,

17     203 F.3d 1122, 1126 (9th Cir. 2000)).  Where a complaint fails to state "any constitutional or

18     statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there

19     is no "arguable basis in law" under <u>Neitzke</u>, and the court on its own initiative may decline to

20     permit the plaintiff to proceed and dismiss the complaint under Section 1915.  <u>Cato v. United</u>

21     <u>States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995).

22             As currently pleaded, Plaintiff's FAC fails to state a cognizable claim and is frivolous to

23     the extent it lacks an arguable basis in law or fact.  Plaintiff's FAC consists of two documents.

24     The first document, like Plaintiff's original complaint, consists primarily of a string of conclusory

25     statements and legal terms.  [<u>See</u> <u>FAC</u> at 1-2 ("These incidents lead [*sic*] to 18 U.S.C. § 2261A,

26     California Penal Code § 646.9, § 243(e), 28 U.S.C. § 2672 by 28 U.S.C. § 2671, 28 U.S.C. § 1332

27     for which created False Light in public eye, which created public nuisance by way of proximate

28     cause by which contributory negligence brought on more intentional emotional distress.").]

1   Plaintiff's FAC provides no facts to support any of these conclusion or facts establishing a cause

2   of action against the two Defendants.  Indeed, Plaintiff's FAC does not appear to even mention the

3   two named Defendants.  For a complaint to sufficiently state a cause of action, it must contain

4   more than mere "labels and conclusion."  Twombly, 550 U.S. at 555; see also Starr v. Baca, 652

5   F.3d 1202, 1216 (9th Cir. 2011) ("[T]o be entitled to the presumption of truth, allegations in a

6   complaint or counterclaim may not simply recite the elements of a cause of action, but must

7   contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

8   party to defend itself effectively.").

9        The second document is a chronological list of Plaintiff's interactions with various security

10   guards, police officers, and safety ambassadors in San Diego, Santa Monica, and Santa Barbara

11   over the last two years.  [See FAC at 4-10.]  Again this list of incidents consists of conclusory

12   statements that fail to sufficiently establish a cause of action against anyone, let alone the named

13   Defendants.  Moreover, Plaintiff's long list of incidents does not satisfy Federal Rule of Civil

14   Procedure 8's requirement that Plaintiff's complaint provide only a "short and plain statement of

15   the claim showing that the pleader is entitled to relief . . . ."  Among the purpose of this rule is to

16   provide defendants fair notice of the claims against them.  See Starr, 652 F.3d at 1212.  Plaintiff's

17   list of every interaction he has had with security guards, police officers, and safety ambassadors

18   over the last two years leaves unclear what conduct Plaintiff is attempting to challenge and how

19   these incidents relate to the named Defendants.  Therefore, the allegations in Plaintiff's FAC do

20   not provide fair notice to the Defendants.

21        Even affording Plaintiff's complaint the special consideration given to *pro se* litigants, his

22   allegations fail to present a cognizable legal theory or facts sufficient to support a cognizable legal

23   theory against the Defendants.  Although the Court must assume Plaintiff can prove the facts he

24   alleges in his complaint, the Court may not "supply essential elements of the claim that were not

25   initially pled."  Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

26   If Plaintiff wishes to assert a cause of action against these two Defendants, Plaintiff should focus

27   on the incident or incidents involving the Defendants and provide the underlying facts establishing

28   a cause of action against them.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE**

1    Plaintiff's FAC as frivolous and for failing to state a claim upon which relief can be granted.

2    **II.    MOTIONS FOR INJUNCTION**

3         In addition to his amended complaint, Plaintiff has also filed two motions for injunctive

4    relief. [Doc. Nos. 11, 15.]  Because the Court dismisses Plaintiff's first amended complaint in its

5    entirety without prejudice, Plaintiff's motions for an injunction are **DENIED WITHOUT**

6    **PREJUDICE** as moot.

7                                        **CONCLUSION**

8         Based on the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's first

9    amended complaint as frivolous and for failure to state claim and **DENIES WITHOUT**

10   **PREJUDICE** as moot Plaintiff's motions for an injunction.

11        Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a Second

12   Amended Complaint addressing the deficiencies of the pleading set forth above.  Plaintiff is

13   cautioned his Second Amended Complaint must be complete in itself, without relying on

14   references to the original Complaint.  Plaintiff is further cautioned any defendant not named or

15   claim not re-alleged will be considered waived.  See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th

16   Cir. 1996).  Plaintiff is also cautioned that if his Second Amended Complaint does not state a

17   claim, the Court may dismiss his complaint without leave to amend.

18        **IT IS SO ORDERED.**

19   **DATED:** December 19, 2011

20                                        **IRMA E. GONZALEZ, Chief Judge**
                                         **United States District Court**

21

22

23

24

25

26

27

28